# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GEARY B. KATZ

v.  Civil No. – JFM-17-528

JUDY A. ROBBINS, UNITED STATES TRUSTEE

## MEMORANDUM

This is an appeal from an order of the Bankruptcy Court that Geary Katz violated 11 U.S.C. § 727(a)(2)(B). The ruling of the Bankruptcy Court will be affirmed.

The Bankruptcy Trustee and the United States Trustee filed an adversary case against Katz. At the conclusion of a four day trial, the Bankruptcy Court denied Katz's discharge on the ground that Katz's testimony was "not satisfactory and is not credible" about a loan made under an AXA life insurance policy. The Bankruptcy Court therefore denied Katz's discharge pursuant to 11 U.S.C. § 727(a)(2)(B).

Katz contends that the Bankruptcy Court erred because it was not entitled to consider the loan made under the AXA policy. There are four components to Katz's argument. First, the complaint did not include any allegation that Katz violated §727(a)(2)(B) by taking out the loan. Second, neither the United States Trustee nor the Chapter 7 Trustee offered sufficient evidence at trial to prove that the amount of the loan exceeded the exempt portion of the cash value of the AXA policy. Third, there was not sufficient evidence that Katz acted with the requisite intent to hinder, delay, or defraud the Chapter 7 Trustee when he took out the loan because he believed that the life insurance policy was exempt. Fourth, Katz provided a satisfactory explanation for the loan at trial, i.e., that he believed the life insurance policy was exempt.

The Bankruptcy Court did not err in considering the violation of § 727(a)(2)(B). The complaint did not specifically reference the loan as a reason to deny discharge because the complaints were filed before the United States Trustee and the Chapter 7 Trustee knew about the loan. Nevertheless, Katz impliedly consented to the trial of the unpled claim. In its pretrial memorandum, the Chapter 7 Trustee argued that Katz's discharge should be denied under § 727(a)(2)(B). The Chapter 7 Trustee stated that the debtor took loans against the AXA policy and thus reduced its cash surrender value. Katz did not object to the Chapter 7 Trustee's pretrial memorandum. Moreover, he stipulated to evidentiary facts related to the AXA policy and the September 2014 loan made thereunder. Furthermore, at the conclusion of closing arguments, the Bankruptcy judge specifically requested briefing on whether Katz's discharge should be denied for taking the loan. Katz submitted a brief on the issue without objection. Thus, Katz's first claim of error is without merit.

Moreover, Katz was only permitted to take loans of up to 90% of the AXA policy's cash surrender value. The cash surrender value equaled the "policy account" total and the policy account total in September 2014 was $549,101.94. Ninety percent of that is $494,191.75. However, as of April 17, 2014, there were already outstanding loans of $474,294.42. There was actually only $19,897.33 (494,191.75 minus $474,294.42). Katz only had an exemption to one-sixth of the policy. He therefore had the right to take a loan of one-sixth of $19,897.33, or $3,316.22. He took a loan for $10,974.42.

Furthermore, there was sufficient evidence to infer that Katz acted with the requisite intent to hinder, delay, or defraud the Chapter 7 Trustee when he took out the loan because as to intent can rarely be proven and under totality of the circumstances Katz's action gave rise to the inference that he tended to defraud the Chapter 7 Trustee.

Lastly, the Bankruptcy Court made a credibility determination – which is entitled to great deference – that Katz concealed his loan from his former attorney, Bruce Kearney. Kearney was called as a rebuttal witness and contradicted Katz's testimony that he told Katz that the AXA policy – or part of it - was exempt. The Bankruptcy Court specifically found that Katz's claim was "not credible."

For these reasons the ruling made by the Bankruptcy Court will be affirmed. A separate order to that effect is being entered herewith.


Date: September 15, 2011

J. Frederick Motz
United States District Judge